**NICHOLSON v. ERSTEIN.**

Civil Action No. 341.

District Court, W. D. Michigan, S. D.

Feb. 10, 1944.

Harry D. Reber, William J. Branstrom, and J. Donald Murphy, all of Fremont, Mich., for plaintiff.

McCobb & Heaney, of Grand Rapids, Mich. (Fred C. Wetmore, of Grand Rapids, Mich., of counsel), for defendant.

RAYMOND, District Judge.

The accompanying findings of fact and conclusions of law make an extended opinion unnecessary. The controlling question is one of fact, namely, what agreement was entered into between plaintiff's decedent and defendant with reference to the settlement of Mary Russell Foote's claim against the estate of Benard Erstein, deceased?

Plaintiff claims that the agreement between the parties is contained in Exhibit 4 (see findings, paragraph 5), while defendant asserts that an agreement was consummated between the parties on September 27, 1941, the essence of defendant's claim being that the acceptance by Mrs. Foote of the delivery to her by Jesse Erstein of his letter of that date and the check for $1000 constituted an acceptance of the conditions or counter-offer contained in that letter. Defendant asserts that the agreement consisted of the offer made by Exhibit 1 and the acceptance thereof in Exhibit 2 (see findings 8 and 9).

■ The court's view is that the agreement between the parties can be correctly understood and ascertained only by consideration of all the documents which passed between the parties, interpreted in the light of all the surrounding circumstances.

■ It is well settled that a court should, to the best of its ability, place itself in the situation occupied by the parties when the agreement was made; that several instruments constituting part of the same transaction must be interpreted together; that doubtful language should be interpreted most strongly against the party who uses it; that the surrounding circumstances at the time it was made should be considered for the purpose of ascertaining its meaning, and that if a condition is affixed to an acceptance by the party to whom the offer is made, there is a rejection of the offer. These principles are so well established in the law of contracts that citation of authority is deemed unnecessary.

■ In this case, there is clear evidence that neither of the parties regarded their differences as settled by the three documents, Exhibits 1, 2 and 3, dated on Saturday, September 27, 1941. Disputes relative to household effects were still continuing on the following day, and defendant had definitely informed Mrs. Foote that she could have until Monday "to think it over", and that if she decided to accept the conditions it would be necessary for her to come to his attorneys' office to "legalize" it. On Monday, instead of following this suggestion, she employed an attorney in her behalf who definitely repudiated the transactions of the preceding Saturday night and returned the check to defendant's attorneys. Defendant's attorney then took the position, which, in view of the foregoing, seems untenable, that an agreement had been consummated on September 27th. The transactions of October 1st were obviously the result of a long distance telephone conversation made to Mrs. Foote by defendant on the evening of September 30th. Evidence of all that occurred in that conversation is barred by statute. It is to be observed, however, that nowhere in the record is there evidence that on October 1, 1941, there was any mention of the preparation of a will, either then or at any future time. Exhibit 4, the agreement of October 1st, which meticulously sets forth the obligations of Mrs. Foote, makes no reference to any document of a testamentary nature, and testimony of what occurred orally on that occasion leaves the strong impression that the return of the whole or any part of the $5000 was definitely excluded from consideration. It is to be observed that the record is devoid of any evidence disclosing a reason why Mrs. Foote should be willing to provide by will for payment to the defendant in this case of any part of her claim against the estate of Benard Erstein.

■ Defendant's claim that Exhibit 4 standing by itself is void under the Michigan statute of frauds as a contract to pay the debt of another cannot be sustained. The Michigan statute of frauds, so far as applicable, reads:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged there-

with, or by some person by him thereunto lawfully authorized, that is to say:

\* \* \* \* . \* \*

"2. Every special promise to answer for the debt, default or misdoings of an-another person." Par. 2, (sec. 2), section 13417 Compiled Laws of Michigan of 1929.

The statute of frauds does not apply to a promise, for a consideration, made by the debtor to pay his own debt. By the terms of Exhibit 4, Mrs. Foote assigned to defendant all her claims against the estate of Benard L. Erstein. In legal effect, Jesse H. Erstein thereby became the owner of whatever claim Mrs. Foote might otherwise have asserted against the estate. The filing and allowance of Jesse Erstein's claim against Benard's estate in the Probate Court for Kent County asserts these claims as his own. He was therefore contracting with reference to his own debt. See Cincinnati Traction Co. v. Cole, 6 Cir., 258 F. 169, 172; Gibbs v. Blanchard, 15 Mich. 292, 300; Barbour v. Thomas, D.C., 7 F.Supp. 271; 37 C.J.S., Frauds, Statute of, § 16, p. 522.